# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL LENZ,<br><br>                Plaintiff,<br><br>v.<br><br>BART B. BRELLENTHIN,<br><br>                Defendant. | Case No. 14-CV-481-JPS<br><br><br>ORDER |

       The plaintiff, Michael Lenz, owes a significant amount in federal tax liabilities. (*See* Docket #1, Ex. 2, at 8). The defendant, Bart Brellenthin—an IRS Revenue Officer, whom the Court will refer to as "the revenue officer"—was assigned to collect those amounts and has attempted to do so. (Docket #9, Ex. 1, ¶¶ 1–4).

       Rather than comply with the collection efforts, Mr. Lenz filed a state suit against the revenue officer seeking injunctive relief (which he calls a "quo warranto action"). (*See, e.g.*, Docket #1, Ex. 2, at 5–6; Docket #14, at 6). The revenue officer, acting through the United States Department of Justice, Tax Division, removed the case to federal district court. (Docket #1).

       Mr. Lenz thereafter filed a motion to remand the matter to state court. (Docket #7). The revenue officer filed a response, maintaining that removal was appropriate (Docket #9), and shortly thereafter moved to dismiss the case (Docket #11). Mr. Lenz then filed several documents: (1) a motion to amend the caption (Docket #13); (2) a reply in support of his motion to remand (Docket #14); (3) a motion to strike declarations submitted by the revenue officer (Docket #15); and (4) a brief opposing the revenue officer's motion to dismiss (Docket #19). The revenue officer responded to those items

where appropriate (Docket #17, #18, #20), and the time for Mr. Lenz to file any other documents has now passed.

In sum, the motions in the case are now fully briefed, and the Court turns to decide them. First, the Court will deal with the procedural motions: to amend the caption and to strike the declarations filed by the revenue officer. Second, the Court will address Mr. Lenz's motion to remand. Finally, the Court will discuss the revenue officer's motion to dismiss.

1. PROCEDURAL MOTIONS

The Court begins by addressing the procedural motions still outstanding: first, Mr. Lenz's motion to amend the caption (Docket #13); second, Mr. Lenz's motion to strike the declarations submitted by the revenue officer (Docket #15).

1.1 Motion to Amend Caption

Mr. Lenz asks the Court to amend the caption to *State of Wisconsin Ex Rel. Michael Lenz v. Bart B. Brellenthin*, which is how the case was captioned in the state court before being removed. (Docket #13). He argues that the current caption (*Michael Lenz v. Bart B. Brellenthin*) is prejudicial, but offers virtually no support—legal or factual—for that assertion.

Nor could he. First, as the revenue officer correctly points out, the case caption has practically no legal significance (particularly at this early stage of the case, where the Court is the only entity considering the caption and is readily able to understand the significance of the parties). *Accord Nomura Asset Acceptance Corp. Alternative Loan Trust, Series 2007-1 v. Nomura Credit & Capital, Inc.*, 2014 WL 2861479, at *5 (S.D.N.Y. 2014); *McManus v. Kameen*, 2014 WL 1745884, at *1 n.1 (M.D. Pa. 2014). Second, Lenz—and not the State of Wisconsin—is the plaintiff in this case; he is the individual requesting relief

and has no authority to bring his "quo warranto" action on behalf of the State. (Docket #1, Ex. 2, at 5–6); Wis. Stat. § 784.04(2).

In sum, aside from the fact that Mr. Lenz has not provided any support for his request to amend the caption, there is actually good reason not to do so. Therefore, the Court must deny his request.

1.2    Motion to Strike Declarations

Mr. Lenz seeks to strike the declarations submitted by the revenue officer in support of his opposition to Mr. Lenz's motion to remand. (Docket #15 (seeking to strike declarations of Bart Brellenthin and Christopher Rothweiler (Docket #9, Exs. 1, 2))). He alleges that this is necessary because the declarations are immaterial, contain conclusions of law, and are materially false. (Docket #15, at 1). Mr. Lenz is incorrect on each charge.

To begin, the declarations are material. The declarations establish that the revenue officer is, in fact, a federal officer, which supports removal jurisdiction under 28 U.S.C. § 1442(a)(1). Moreover, the declarations establish that the revenue officer was acting in his official capacity when attempting to collect Mr. Lenz's tax liabilities, which supports the revenue officer's position that the United States should be substituted as the proper party defendant, and that the United States should be dismissed on sovereign immunity or lack of personal jurisdiction grounds. In other words, the declarations are evidence that make the tendency of facts of consequence more probable, meaning that the declarations are relevant and material. *See* Fed. R. Ev. 401.

Mr. Lenz's remaining contentions—that the declarations contain conclusions of law and are materially false—consist entirely of Mr. Lenz's own disagreements with the content of the declarations. In arguing that the declarations are based upon conclusions of law, Mr. Lenz argues that:

> [i]t is quite an audacious declaration by Brellenthin and Rothweiler to state that all of the steps have been authorized by the Internal Revenue Code in the collection process executed by Brellenthin—given that the internal revenue code is virtually incomprehensible to most above-average intelligent Americans and most lawyers. It is certainly arguable that Brellenthin and Rothweiler do not have competence to testify in matters that relate to conclusions of law from the Internal Revenue Code. Not only is the declaration a conclusion of law, but both know or should have known at the date that their respective declarations were executed under penalty of perjury that they had no competent evidence for the existence of a tax liability, a proper assessment, and the prerequisite elements necessary for the collection of any tax. Further they had a reasonable basis to question every collection step under execution by Brellenthin and Rothweiler.

(Docket #15, at 3 (internal citation to record omitted)). In other words, Mr. Lenz seems to be arguing that—because the Internal Revenue Code is so complicated—the two declarants, who work for the IRS, *might* not have competence to testify about them. Mr. Lenz, on the other hand, apparently does have such competence, seeing as he cites his own affidavit to support his contention that the declarants had a reasonable basis to question Mr. Brellenthin's collection efforts. The absurdity of this argument is apparent: Mr. Lenz seems to believe that *his own* unfounded conclusions prove that the statements of the declarants (who, the Court should add, are likely much better-versed in the Internal Revenue Code than Mr. Lenz) are unfounded conclusions.

Mr. Lenz also discusses an administrative record, which he asserts is either: (1) devoid of competent evidence to support the existence of his tax liability; or (2) contains evidence of the "material falsity" that the revenue officer's efforts were authorized by the Internal Revenue Code. Again, Mr.

Lenz cites his own affidavit in support, which itself contains nothing that actually supports his contentions.

Finally, and perhaps most importantly, the Court is able to review the declarations on its own and discount any improper representations; striking the declarations in their entirety simply is not necessary.

For all these reasons—the materiality of the declarations; the lack of any support for Mr. Lenz's argument that the declarations contain conclusions of law or are materially false; and the Court's ability to review the declarations on its own—the Court must deny Mr. Lenz's motion to strike.

2.   MOTION TO REMAND

Next, the Court addresses Mr. Lenz's motion to remand this case. (Docket #7). He argues that removal was inappropriate for seven separate reasons:

> (1) Department of Justice ("DOJ") or Attorney Harris J. Phillips ("Phillips") has no demonstrated authority to conduct this civil proceeding, (2) that the Attorney General did not remove the civil action, (3) that removal from [Waukesha County Circuit Court ("WCCC")] was precluded by statutory definition, (4) that there is no certification by Attorney General in the record that Defendant was acting within the scope of any Government office or employment at the time of the incident upon which the claims arose—the removal of the civil action from WCCC is without authority in law and the substitution of the United States for the Defendant is not authorize, (5) that original jurisdiction in this civil action is exclusive to the U.S. Supreme Court, (6) that the District Court of the United States lacks original subject matter jurisdiction, and (7) that the district court has no jurisdiction for civil action in the nature of quo warranto.

(Docket #7 at 1).

Those arguments are so specious so as to hardly warrant discussion. As to the first, second, and fourth arguments, counsel for the revenue officer—Harris Phillips—is a Department of Justice attorney acting under the authority of the Attorney General and there is no reason to question his authority to remove this action without a certification to do so. *See, e.g.,* 28 U.S.C. § 1442(a)(1); *Rodas v. Seidlin*, 656 F.3d 610, 614 (7th Cir. 2011).

Meanwhile, as to the third argument, the Waukesha County Circuit Court is clearly a "state court" within the definition of 28 U.S.C. § 1442(a)(1), seeing as it is a court that exists in the State of Wisconsin's court system. Mr. Lenz's argument to the contrary—that it does not fall into the clarifying language of 28 U.S.C. §§ 1442(d)(5–6)—fails to account for the fact that the additional language *expands* the meaning of state court to reach territories that otherwise would not be included; it does not *limit* the meaning of "state" or "state court" in any way.

As to the fifth argument—whether the Supreme Court has original jurisdiction because "[t]he Complaint is in the name of the State of Wisconsin," so as to trigger Article III, Section 2 of the Constitution—Mr. Lenz's position is without merit. If wishes were horses, beggars may ride…likewise, Mr. Lenz may have structured his case in the state court to seem as if the State of Wisconsin were a participant. But it is not. The State of Wisconsin is not participating in this action in any form (and even if the Court had agreed to amend the caption, that conclusion would not change). Accordingly, this is not a case over which the Supreme Court has original jurisdiction.

Mr. Lenz's sixth and seventh arguments—that this Court lacks "original subject matter jurisdiction" or jurisdiction over "quo warranto" actions—either largely rehash the Supreme Court-related arguments (Docket

#7 at ¶¶ 14–17) or are seemingly entwined (Docket #7 at ¶¶ 17–47 (discussing the case as being one for "quo warranto" relief), 58–66). The Court has already addressed the Supreme Court-related argument, which gets no traction. Meanwhile, the "quo warranto"-related arguments seem to assert both a lack of subject matter jurisdiction and lack of original jurisdiction. Lack of original jurisdiction, however, does not have any bearing on the propriety of removal. *Western Sec. Co. v. Derwinski*, 937 F.2d 1276, 1279 (7th Cir. 1991). On the other hand, lack of subject matter jurisdiction may doom the case to remand. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). But one of the primary purposes of 28 U.S.C. § 1442 is to allow federal officers to raise federal defenses in federal courts, meaning that subject matter jurisdiction under the statute should be construed broadly. *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) (statute is "broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law."); *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).") (quoting W*illingham*, 395 U.S. at 407); *Watson v. Phillip Morris Co., Inc.*, 551 U.S. 142, 147 (2007) ("The words 'acting under' are broad, and this Court has made clear that [the Federal Officer Removal Statute] must be 'liberally construed.'"). 28 U.S.C. § 1442(a)(1) provides an exception to the rule that non-diversity cases must arise under federal law, meaning that—no matter the nature of the claim—if 28 U.S.C. § 1442(a)(1) is satisfied, then the Court has jurisdiction to hear the case. *Rodas*, 656 F.3d at 617; *Hasenberg v. Air & Liquid Sys. Corp.*, No. 13-CV-1325, 2014 WL 1389300, at *1 (S.D. Ill Apr. 9, 2014).

And, applying the necessarily broad construction to this case, it is readily apparent that removal was appropriate, here, pursuant to 28 U.S.C. § 1442(a)(1). To establish the appropriateness of removal under that statute, the defendant must show that he is: (1) a person; (2) "'acting under' the United States, its agencies, or its officers"; (3) was sued for a reason relating to his actions under color of his office; and (4) has a "colorable federal defense" to the claims against him. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1181–82 (7th Cir. 2012). All four of those elements are present, here. The revenue officer is clearly a person, and (despite Mr. Lenz's refusal to believe it) he acts as a federal officer for the IRS, collecting taxes and those actions form the subject of this suit. (Docket #1, Ex. 2; Docket #9, Ex. 1, at ¶ 1; Docket #9, Ex. 2, at ¶ 3). *See, e.g., Bateman v. Depczynski*, 2013 WL 7121195, at *2 (N.D. Ga. 2013); *Eckwortzel v. Crossman*, 561 F. Supp. 2d 1144, 1148 (D. Idaho 2008); *Carpenter v. Comm'r*, 24 Fed. App'x 834, 836 (9th Cir. 2002); *Thomsen v. Chevron Research Co.*, 878 F.2d 387, 1989 WL 69885, at *1 (9th Cir. 1989). And, finally, the revenue officer raises colorable federal defenses—sovereign immunity—in his motion to dismiss. (Docket #11, Ex. 1); *Winters v. Taylor*, 333 Fed. App'x 113, 115 (7th Cir. 2009) (finding that sovereign immunity defense is colorable so as to support removal).

Moreover, other courts have found that 28 U.S.C. § 1442(a)(1) removal is appropriate where a plaintiff challenges the collection of revenue, as Mr. Lenz does, here. *See Elkins v. Mitchell*, 2009 WL 1812400, at *2 (N.D. Ga. 2009); *Davis v. In Rem: Alleged Lien*, 2007 WL 1041672, at *1 (W.D.N.C. 2007).

The revenue officer is also correct that the United States is the proper party defendant, because Mr. Lenz's claims are based on conduct of the revenue officer, which were made in his official capacity as an agent of the United States, *see, e.g.*, *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989);

*Krieg v. Mills*, 8 Fed. App'x. 663, 665 (9th Cir. 2001); *Blair v. U.S. Treasury Dept.*, 596 F. Supp. 273, 281 (N. D. Ind. 1984), offering a third appropriate avenue for removal under 28 U.S.C. § 1442(a)(1).

For all of these reasons, the Court is obliged to find that removal was appropriate and deny Mr. Lenz's motion to remand the case.

3.   MOTION TO DISMISS

Finally, the Court must address the revenue officer's motion to dismiss this action. There are innumerable reasons why the Court must grant it.

Mr. Lenz totally fails to state a claim upon which relief can be granted. To the extent he argues that he is entitled to "quo warranto" relief, he is incorrect. The writ of quo warranto is an extraordinary remedy, which Mr. Lenz does not have the right to exercise. *See, e.g.*, *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933); *United States ex rel. Wisconsin v. First Fed. Sav. & Loan Assoc.*, 248 F.2d 804, 807 (7th Cir.1957); *Griffin v. Wisconsin State Gov't Accountability Bd.*, 2010 WL 1734887, at *1 (E.D. Wis. 2010). This old-hat tax-protestor claim has been consistently rejected in very similar cases in the federal courts because it is totally without merit and provides no claim upon which the Court can grant relief. *See Mathis v. United States*, 62 Fed. App'x. 249, 250 (10th Cir. 2003); *United States v. Hiatt*, 2011 WL 1883818, at *2 (W.D. Wash. 2011); *Mueller v. U.S-Corp.*, 2009 WL 273283, at *4 (C.D. Cal. 2009).

Of course, what Mr. Lenz is actually seeking is injunctive relief requiring the IRS to provide documentation of his tax liabilities and its authority before collecting taxes from him; this is barred by the Anti-Injunction Act. The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person…," 26 U.S.C. § 7421(a), and is

intended to protect the IRS's ability to expeditiously collect revenue, *South Carolina v. Regan*, 465 U.S. 367, 376 (1984). Because the government has not consented to be sued—in fact, has expressly made clear that a suit on this basis cannot be maintained—it is entirely immune from suit. *See, e.g.*, *United States v. Dalm*, 494 U.S. 596, 608 (1990); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Harrell v. United States*, 13 F.3d 232, 235 (7th Cir. 1993). Even though styled as a suit against an IRS employee, the Anti-Injunction Act still applies, and this suit is clearly barred. *Beck v. McKinney*, 16 Fed App'x 482, 483–84 (7th Cir. 2001); *Coleman v. Espy*, 986 F.2d 1184, 1189; *Atkinson*, 867 F.2d at 590.[1] The Seventh Circuit, in *Beck,* affirmed an Anti-Injunction Act dismissal in summary fashion, providing a succinct statement that applies directly to Mr. Lenz's claims:

> The Act bars groundless suits to defeat collection efforts, even those styled as objections to the IRS's assessment and collection methods rather than to the tax itself.…Though Beck takes issue with the IRS employees' "harassing forays" directed at his business associates and their failure to provide "documentation" of his tax liability, his repeated assertions that he is a "sovereign citizen" and "not subject to tax"—arguments we have repeatedly rejected,…—reveal that the purpose of his suit is to challenge his tax liability. As such, his suit is barred by the Act.

---

[1] Regardless, his claims are actually against the United States, rather than the revenue officer, seeing Mr. Lenz complains of actions taken by the revenue officer in the course of his official duties. *See Atkinson v. O'Neill*, 867 F.2d at 590; *Krieg v. Mills*, 8 Fed. Appx. 663, 665 (9th Cir. 2001). And, aside from sovereign immunity, Mr. Lenz never served summons upon the United States Attorney, Attorney General, or IRS, requiring dismissal pursuant to Rules 4(i) and 12(b)(2) of the Federal Rules of Civil Procedure.

*Id.* (citing *Harrell v. United States*, 13 F.3d 232, 234-35 (7th Cir.1993).; *United States v. Hilgeford*, 7 F.3d 1340, 1342 (7th Cir. 1993)).[2]

Of course, Mr. Lenz largely failed to address any aspect of these issues, preferring to engage in legally-unsupported discussions of problems he views with tax law and the collection efforts against him. His vague constitutional claims and general objections to tax law are not adequately supported by factual allegations, and therefore must be dismissed (to the extent they even exist) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g.,United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986); *Shukoski v. United States*, 2009 WL 1759700, at *4 (E.D. Wis. 2009) (citing *Coleman v. Comm'r*, 791 F.2d 68 (7th Cir. 1986)). The due process claims, along with any potential *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) claim against the revenue officer, would also be subject to dismissal, because the United States has not waived sovereign immunity on such claim. *See, e.g.*, *Partain v. Isgur*, 390 Fed. App'x 326, 329 (5th Cir. 2010) (sovereign immunity not waived as to civil rights claims); *Carlson v. IRS*, 2012 WL 6861353 at *4 (D. Minn. 2012) (same); Mitchell v. Forsyth, 472 U.S. 511, 517 (1985) (individually-named federal defendants are entitled to qualified immunity insofar as conduct does not violate "clearly established" rights); *Minuti v. IRS*, 502 Fed. App'x 161, 163 n.1 (3d Cir. 2012) ("the 'remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under *Bivens*'") (citing *Wages*

---

[2]Similarly, if Mr. Lenz were seeking declaratory relief, that claim would also necessarily fail as a result of the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (barring declaratory relief "with respect to Federal taxes"). *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *Gessert v. United States*, 703 F.3d 1028, 1034 (7th Cir. 2013) ("the declaratory judgment act expressly prohibits declaratory judgments in tax cases").

*v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990); *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (same).

4. CONCLUSION

For all of the foregoing reasons, the Court is obliged to grant the revenue officer's motion to dismiss and dismiss Mr. Lenz's complaint in its entirety with prejudice. The complaint is totally frivolous, asserting no factual or legal basis for relief.

It is worthy to parenthetically note that Mr. Lenz's arguments have been raised and dismissed in countless other cases before; they go nowhere now. Nearly thirty years ago, the Seventh Circuit referred to similar arguments as "sanction-bait." *United States v. Buckner*, 830 F.2d 102, 103 (7th Cir. 1987) (citing *Coleman v. Comm'r*, 791 F.2d 68 (7th Cir. 1986)). That characterization has only grown more pertinent, and Mr. Lenz needs to be careful, lest he find himself in deeper trouble with Court-imposed monetary sanctions beyond his tax obligation. Moreover, Mr. Lenz should be mindful that raising these same "tired arguments" in the Seventh Circuit may result in similar sanctions, as the Circuit long ago made clear its unwillingness to accept these sorts of arguments. *See Buckner*, 830 F.2d at 103 (citing *Coleman*, 791 F.2d 68).

Accordingly,

IT IS ORDERED that the plaintiff's motion to amend the caption (Docket #13) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to strike the declarations submitted by the defendant (Docket #15) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the plaintiff's motion to remand (Docket #7) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that the defendant's motion to dismiss (Docket #11) be and the same is hereby GRANTED and this action be and the same is hereby DISMISSED with prejudice.

Dated at Milwaukee, Wisconsin, this 25th day of July, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge